UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 13 CR 951 |
| | ) | |
| LAURANCE H. FREED and | ) | Honorable Robert M. Dow, Jr. |
| CAROLINE WALTERS | ) | |

**AGREED ORDER REGARDING DEFENDANTS'
MOTION TO COMPEL RULE 17(c) SUBPOENA**

On November 24, 2015, defendants Laurance H. Freed and Caroline Walters moved, under Rule 17(c) of the Federal Rules of Civil Procedure, for an order compelling Bank of American, N.A. ("BoA") to produce certain documents pursuant to a subpoena *duces tecum* served on BoA ("Subpoena"). Dkt. 69. This Court initially set a briefing schedule for BoA to file a Response to the Motion to Compel and for the defendants to file a Reply. Since then, counsel for the defendants and counsel for BoA have met and conferred repeatedly and through their joint efforts, the parties have informed the Court that they have reached an agreement regarding the Motion to Compel. Based on the parties' agreement, it is ORDERED that:

1. BoA will produce materials responsive to the Subpoena served on BoA on November 4, 2015.

2. BoA's production of responsive materials shall be limited to only those materials that contain certain search terms agreed to by the parties, which in turn have yielded a total of approximately 37,597 documents (family complete).

3. From that total of 37,597 documents (family complete), BoA may review the documents to ensure that they are responsive to the subpoena and may exclude any documents that are not responsive. Furthermore, BoA may exclude from production any documents that

are subject to the attorney-client or work-product privileges or that are required to be kept confidential by law or regulation. Those documents that remain following these reviews and exclusions consist of the total documents that BoA shall produce to the defendants ("Production Documents").

4. BoA shall not be required to produce a privilege log for any document withheld on a claim of privilege or required confidentiality, but it shall exercise due care, best efforts, and diligence in making its privilege and confidentiality determinations so that they are consistent with the rules and laws governing those determinations. Although not required to produce any privilege log, BoA shall internally identify and maintain each document that is excluded and the basis for the exclusion.

5. BoA shall produce the Production Documents on a rolling basis.

6. BoA shall undertake all due care, best efforts, and diligence to produce the Production Documents pursuant to the following production schedule: First BoA production due to the defendants by the close of business on December 23, 2015 and the last and final production due to the defendants by January 11, 2015.

7. As part of its rolling productions, BoA shall give production priority to the following custodians, in the following order: Gary Katunas, Darcy (Mason) Barnes, Melissa Jorgenson, and Elizabeth Henry.

8. BoA shall provide a courtesy copy of all Production Documents to the Assistant United States Attorney assigned to this case.

9. The parties have agreed that BoA will produce the Production Documents free of charge to the defendants.

10. All Production Documents shall be governed by a joint and agreed protective order, which the parties will submit to this Court to enter.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Date: 1/5/2016

ENTER:

_____
ROBERT M. DOW, District Judge
United States District Court
Northern District of Illinois