IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>LAURANCE H. FREED and<br>CAROLINE WALTERS. | No. 13 CR 951<br><br>Honorable Robert M. Dow, Jr. |

**Defendants' Response to Cases Cited by Court about Whether
Jury Instructions/Special Interrogatories may Cure Prejudice from Duplicitous Count**

      The Court's January 14, 2016 Order (R. 81) ("Order") cites several cases and asks the parties to submit additional briefing on the following question: "Whether appropriate jury instructions will cure the defendants' concerns about the alleged duplicity of Count 9 . . . ." Defendants answer that none of the cited cases, including the single district court case, supports the notion that jury instructions or special interrogatories are a proper remedy for a duplicitous count in the first instance. The proper remedy to be ordered by the district court for a duplicitous count remains a straight dismissal of that count.

      Neither of the two Seventh Circuit cases cited in the Order supports the notion that no error occurs in the first instance where the trial court "cures" a duplicitous count with instructions rather than by dismissing it. In *United States v. Buchmeier*, 255 F.3d 415 (7th Cir. 2001), the Court engaged in harmless error review of the district court's failure to dismiss a count that the Court found to be duplicitous. The Seventh Circuit specifically found that the trial court erred in failing to dismiss the count, and its review was limited to determining whether "this *error* affected the fairness of Buchmeier's trial." *Id*. at 425 (emphasis added). The Court did not countenance the trial court's error or suggest that the trial court itself may engage in its

own "harmless error" analysis to determine whether a duplicitous count may be saved by jury instructions.

While the *Buchmeier* court affirmed on "harmless error" grounds based, in part, on the giving of jury instructions, the unique circumstances of that case showed beyond doubt that the defendant had not been deprived of a fair trial. Defendant there was charged in a single count with being a felon-in-possession of multiple firearms. The Court stated that this conduct – even though involving three closely-connected instances of firearm possession – would be deemed a "continuing course of conduct" that ordinarily could be charged in a single count. *Id.* at 424-425. But the government had decided, for whatever reason, to charge additional counts involving yet other instances of firearm possession, even though those other instances were also part of the same course of conduct. The Court found that the government must either charge all instances of possession as separate counts, or all of them in a single count. Yet, in finding harmless error, the Court rested its decision "in large part" on the fact that the jury was instructed that it must unanimously agree as to which particular firearm or firearms the defendant possessed. *Id.* at 425. But, in so finding, the Court was clearly influenced by the fact that the government could otherwise have brought the charges as a single count and that the evidence supported the unanimity.

The other Seventh Circuit case cited in the Order, *United States v. Starks*, 472 F.3d 466 (7th Cir. 2006), as well as the cases cited by *Starks* and *Buchmeier* (*see infra*), do not even involve a finding of duplicity, let alone a holding that a trial court may properly maintain a duplicitous count. *Starks* involved a charge of obstruction of justice based on defendant's conduct during an interview with investigators. After having signed an incriminating affidavit

2

for investigators, Starks thought better of it, grabbed the affidavit from the agents, put it in his mouth, and assaulted one of the agents when she tried to retrieve it from him. *Id.* at 468. The trial court instructed the jury that unanimity was required concerning which act or acts were done to obstruct the investigation, and the court "wisely" used a special verdict form to ensure that the record clearly reflected jury unanimity. *Id.* at 471. The Seventh Circuit did *not* find that the obstruction of justice count was duplicitous. In affirming, the Court simply held that "any concerns" about duplicity would have been cured by the requirement of unanimity and the use of the special verdict. *See also United States v. Marshall*, 75 F.3d 1097, 1112 (7 th Cir. 1996) (no finding of duplicity, while noting that trial court instructed as to unanimity for any "arguably separate" offenses); *United States v. Cherif*, 943 F.2d 692, 701 (7th Cir. 1991) (defendant cited no authority for his argument as to duplicity); *United States v. Berardi*, 675 F.3d 894, 898-899 (7th Cir. 1982) (finding no duplicity).

The Order also directs the parties' attention to the district court opinion in *United States v. Hollnagel*, 2011 WL 3664885, No. 10Cr195 (N.D.Ill. Aug. 19, 2011). But like the cases just cited, the trial court there did not find that the charge was duplicitous, let alone that the appropriate remedy for a duplicitous count in the first instance is to instruct the jury as to unanimity. Indeed, the court in *Hollnagel* explicitly held that the counts at issue were *not* duplicitous. *Id.* at *9-10. Later in its order, after a separate discussion concerning multiplicity, the court addressed the defendants' concern that "the jury could convict some Defendants of conduct not charged." *Id.* at 14. In particular, the court acknowledged the "evidentiary spillover" problem of the jury being asked to deliberate on multiple counts against multiple defendants, where evidence was to be admitted for limited purposes against certain defendants

on certain counts. The court noted that jury instructions – particularly, instructing that the counts and defendants must be considered separately, as well as the required separate consideration of evidence admitted only against particular defendants – could adequately address the defendants' concerns. *Id.* Nothing in *Hollnagel* supports the suggestion that a district court may itself remedy a duplicitous count through any means other than a dismissal.

Yet, district courts elsewhere have held that a straight dismissal is the proper remedy for duplicity if that is the remedy elected by the defendant. For example, in *United States v. James*, 749 F.Supp.2d 705, 711 (S.D. Ohio 2010), upon finding a duplicitous count, the court dismissed it. In doing so, the court read *United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007), to prevent a district court from engaging in a harmless error analysis based on "cure" through the charge to the jury:

> *Kakos* notes that defendants may elect to move to dismiss. Here, Defendant has clearly moved to dismiss, not to require the government to elect its charge, and the Court shall decide the motion before it. . . . [T]he Court can see no reason why the flaws in the indictment should not be cured before this case goes to trial as opposed to waiting, as the Government suggests, until the jury is charged. *Kakos* certainly permits this course of action.

749 F. Supp. 2d at 711; *see also United States v. Hinton*, 127 F. Supp. 2d 548, 554, 556 (D.N.J. 2000) (dismissing duplicitous count; holding that where duplicity exists, the court "must take one of two courses of action: it must either dismiss the duplicitous count in the indictment, or require the government to make an election to select and charge one, but not all, of the offenses embraced in the duplicitous count").

Defendants thus maintain that the Court should grant their motion by finding Count Nine to be duplicitous and by dismissing that count. If the Court nonetheless determines that jury

instructions and a special verdict form requiring unanimity may cure duplicity in the first instance, or that, as in *Starks*, the giving of such instructions and special verdict forms are "wise" in situations involving "arguable" duplicity, then defendants would request that such an instruction and verdict form be given to the jury.

Dated: January 22, 2016

| | |
|---|---|
| Respectfully submitted,<br>LAURANCE H. FREED | Respectfully submitted,<br>CAROLINE WALTERS |
| By: /s/ Corey B. Rubenstein<br>    One of His Attorneys | By: /s/ Thomas K. McQueen<br>    One of Her Attorneys |
| Mark L. Rotert<br>Corey B. Rubenstein<br>Andrea C. Halverson<br>STETLER, DUFFY & ROTERT, LTD.<br>10 S. LaSalle Street<br>Suite 2800<br>Chicago, Illinois 60603<br>(312) 338-0200<br>mrotert@sdrlegal.com<br>cruben@sdrlegal.com<br>ahalverson@sdrlegal.com | Thomas K. McQueen<br>Law Offices of Thomas K. McQueen, P.C.<br>41 S. Wynstone Dr.<br>North Barrington, IL 60010<br>tkm@tmcqueenlaw.com |

CERTIFICATE OF SERVICE

I, Corey B. Rubenstein, an attorney, hereby certify that the foregoing was filed and served on all counsel of record via the Court's CM/ECF system on this 22nd day of January, 2016.

/s/ Corey B. Rubenstein