UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 13 CR 951 |
| v. | ) | |
| | ) | Hon. Robert M. Dow, Jr. |
| LAURANCE H. FREED and | ) | |
| CAROLINE WALTERS | ) | |

**GOVERNMENT'S RESPONSE REGARDING WHETHER PREJUDICE FROM A DUPLICTOUS COUNT CAN BE CURED THROUGH JURY INSTRUCTIONS AND A SPECIAL VERDICT FORM**

As discussed during oral argument, the government's position is that Count Nine is not duplicitous. A count is not duplicitous if it charges the commission of a single offense by different means. *United States v. Berardi*, 675 F.2d 894, 897 (7th Cir. 1982). The Seventh Circuit has held that a single count charging three *separate* schemes to defraud was not duplicitous. *United States v. Davis*, 471 F.3d 783, 790-791 (7th Cir. 2006). "Schemes to defraud by mail often are multi-faceted and therefore the various means used in committing the offense may be joined without duplicity." *United States v. Zeidman,* 540 F.2d 314, 318 (7th Cir. 1976). The superseding indictment charges a single scheme to defraud that involves many false statements and harmed several victims. The count charges a single offense because the victim of the scheme is not an element of the offense—"the wire fraud statute

only requires the government to prove that a defendant intended for his or her scheme to defraud *someone*," not a specific victim. *United States v. Marr*, 760 F.3d 733, 743-44 (7th Cir. 2014) (emphasis in original).[1]

Even assuming *arguendo* that Count Nine is duplicitous, "any concerns about duplicity in the indictment" can be cured by jury instructions and use of a special verdict form. *United States v. Starks*, 472 F.3d 466, 471 (7th Cir. 2006). The Seventh Circuit found that the use of jury instructions to deal with arguably duplicitous counts eliminates concerns regarding jury unanimity. *United States v. Marshall*, 75 F.3d 1097, 1112 (7th Cir. 1996). In another case, *United States v. Cherif*, 943 F.2d 692 (7th Cir. 1991), the Seventh Circuit concluded that it need not consider the defendant's duplicity argument because the problem could have been cured with a jury instruction and the defendant did not provide the district court with an instruction that would have cured the duplicity. *Id.* at 701.

For that reasons, district courts have concluded that "any concerns regarding unanimity by the jury can be addressed through jury instructions." *United States v. Black*, 469 F. Supp.2d 513, 535 (N.D. Ill. 2006); *see also United States v. Stoecker*, 920 F. Supp. 867, 874 (N.D. Ill. 1996) (concluding that duplicity can be cured by a limiting instruction); *United States v. Stewart*, 2009 WL 2149603 at *3 (N.D. Ill July 17, 2009) (same).

---

[1] It is also well-established that the government need only prove a single false statement. Seventh Circuit Pattern Jury Instructions, page 515.

The undersigned AUSA can find no Seventh Circuit or Northern District of Illinois case holding that dismissal is the proper remedy for a potentially duplicitous count. Indeed, as Judge Kendall held in *Stewart*, "dismissal is a disfavored remedy that should be avoided when appropriate clarifying jury instructions can redress concerns over a potentially duplicitous indictment." *Stewart* at *3. If this Court finds that Count Nine is potentially duplicitous, clarifying jury instructions are the appropriate remedy.

        Respectfully submitted,

        ZACHARY T. FARDON
        United States Attorney


        /s/ Renato Mariotti
By:  RENATO MARIOTTI
       MATTHEW F. MADDEN
       JESSICA ROMERO
       Assistant United States Attorneys
       219 South Dearborn Street
       Chicago, IL 60604
       (312) 886-7855