**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13 CR 951 |
| v. | Honorable Robert M. Dow, Jr. |
| LAURANCE H. FREED | |

**DEFENDANT'S BENCH MEMORANDUM REGARDING
ADMISSION OF "PRIOR CONSISTENT STATEMENTS" FOR A
REHABILITATIVE PURPOSE UNDER FED. R. EVID. 801(d)(1)(B)(ii)**

In 2014, Rule 801(d)(1)(B) of the Federal Rules of Evidence was amended. Before that amendment, a witness's prior statements that were consistent with his in-court testimony could only be offered under that rule to rebut a charge of recent fabrication. The amendment added another basis for admission: "to *rehabilitate* the declarant's credibility as a witness when attacked on another ground." Fed. R. Evid. 801(d)(1)(B)(ii) (emphasis added). The commentary clarifies that the amendment is not intended to allow "the impermissible bolstering of a witness" by introduction of a prior consistent statement. Instead, introduction of that prior statement must actually "rehabilitate" the witness from the particular attack on his credibility. *See id.*, Adv. Comm. Notes (2014 Amends.). Most notably, the commentary provides that a prior consistent statement may rehabilitate the witness on charges of faulty memory. *Id.*

Additionally, a prior consistent statement may be introduced where it is "probative to explain what otherwise appears to be an inconsistency in the witness's testimony." In so doing, however, such prior statements "may be brought before the factfinder *only if* they properly rehabilitate a witness whose credibility has been attacked." *Id.* (emphasis added). The commentary also explains that the amendment addressed a conflict in the cases where a number of courts had held that such a limited rehabilitative use was permissible even outside the

strictures of the rule, while others excluded use of prior consistent statements unless they fell within the rule. *Id.*

Given the recent enactment of the amendment, very few cases have addressed it. Those that have, however, emphasize the commentary's restriction that the prior statement may only be admitted if it actually rehabilitates the witness from some particular challenge to his credibility – not merely to bolster his credibility because his truthfulness was attacked. *See United States v. Memoli*, 2014 WL 5313707, No. 13CR214, fn. 4 (D. Conn. Oct. 16, 2014) (introduction of prior consistent statements cannot constitute improper bolstering); (*United States v. Kubini*, 2015 WL 418220, No. 11-14, *9-10 (W.D. Penn. Feb. 2, 2015) (prior consistent statements during polygraph examination not admissible under amendment to bolster witness's truthfulness); *Starland v. Fusari*, 2015 WL 5771617, No. 10-4930, *12 (D.N.J. Sept. 3, 2015) ("prior consistent statements may not be admitted to . . . bolster the witness merely because she has been discredited") (*quoting Tome v. United States*, 513 U.S. 150 (1995); c*f. United States v. Castillo*, 14 F.3d 802, 806 (2d Cir. 1994) (the inquiry is "whether the particular consistent statement sought to be used has some rebutting force beyond the mere fact that the witness has repeated on a prior occasion a statement consistent with his trial testimony").[1]

Regarding the trial in this case, defendant may seek to impeach remaining witnesses with prior inconsistent statements. Defendant anticipates that any such impeachment would take the form of attacking the witness's credibility for truthfulness by making a statement at trial different

---

[1] The Second Circuit was one of the courts recognizing the admissibility of prior consistent statements for rehabilitative purposes even before the rule was amended – though emphasizing, as in *Castillo*, the required nexus between the prior statement and the rehabilitative purpose. *Id.* In that case, the court found that the prior statement was properly admitted, but only because it "clarified" an apparent contradiction brought out during the witness's cross-examination; not because it simply "bolster[ed] [the witness's] trial testimony through mere repetition." *Id.*

from a statement he made during an FBI interview. Defendant does not anticipate that such impeachment would take the form, as it did with Mr. Krinsky, of suggesting the witness's "faulty memory." Nor does defendant expect that any prior inconsistent statements could be rehabilitated by a prior consistent statement on the grounds that the prior consistent statement somehow "clarifies" the apparent inconsistency.

Assuming that defendant does not impeach through those methods, as opposed to simply attacking the witness's truthfulness, any prior consistent statement would not be admissible under the rule. Such prior statements would only improperly bolster the witness's trial testimony through "mere repetition." That use would not be a proper one under the rule and should be precluded.[2]

Dated: February 15, 2016

Respectfully submitted,

LAURANCE H. FREED

By: /s/ Corey B. Rubenstein
     One of His Attorneys

Mark L. Rotert
Corey B. Rubenstein
Andrea C. Halverson
STETLER, DUFFY & ROTERT, LTD.
10 S. LaSalle Street
Suite 2800
Chicago, Illinois 60603
(312) 338-0200
mrotert@sdrlegal.com
cruben@sdrlegal.com
ahalverson@sdrlegal.com

---

[2] Defendant also does not expect that the other subsection of the rule – rebutting a charge of recent fabrication by a prior consistent statement – would be applicable to any impeachment that he may offer.

## **CERTIFICATE OF SERVICE**

      I, Corey B. Rubenstein, an attorney, hereby certify that the foregoing was filed and served on all counsel of record via the Court's CM/ECF system on this 15th day of February, 2016.

                                                         /s/ Corey B. Rubenstein