**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13 CR 951 |
| v. | |
| LAURANCE H. FREED and CAROLINE WALTERS. | Honorable Robert M. Dow, Jr. |

**DEFENDANT LAURANCE H. FREED'S
UNOPPOSED MOTION TO PERMIT TRAVEL**

Defendant LAURANCE H. FREED, through his counsel, respectfully requests that this Court enter an Order granting him permission to travel with his spouse and their daughter to France to visit his in-laws. Neither the government nor the pretrial services officer opposes this request.

In support of this request, defendant states as follows:

1. Defendant was interviewed by Pre-Trial Services and was arraigned on the charges pending against him in this case on January 9, 2014.

2. On that occasion, defendant surrendered his passport to the Pre-Trial Services officer. He then was enlarged on a Personal Recognizance bond in the amount of $4,500. Defendant is subject to standard bond conditions and he has promised to appear in court as required and to serve any sentence imposed. Defendant has complied fully with all conditions of the bond Order entered in his case.

3. Defendant's wife is a native of France. Defendant and his wife are parents of a three-year old daughter. Defendant and his wife have traveled to France each year since 2007, with the exception of 2014 when their planned trip was canceled due to defendant's wife's illness and subsequent treatment.

4.      In particular, the Court allowed defendant to travel to France last summer. Dkt. #60. Defendant returned to the United States timely and complied with all other conditions of that order, including his immediate re-surrender of his passport.

5.      Defendant seeks permission from this Court to travel with his wife and his daughter to France from on or about July 25, 2015, until on or about August 25, 2016. This travel will be solely for purposes of visiting with his wife's family. Defendant promises the Court that he, his wife, and his daughter will fly from Chicago to Paris; they will reverse that travel to return to Chicago; and they will make no other journeys and will enter no country other than France.

6.      Defendant's sentencing is scheduled for September 9, 2016. Defendant represents and promises that this proposed travel will not affect his or his counsel's ability to prepare for sentencing, to timely file any sentencing submissions, or to proceed with sentencing on that date. Defendant also promises not to seek any postponement of sentencing based on this travel.

7.      Defendant further acknowledges and re-asserts his previous promise to appear in Court as directed by this Court; to appear as required for all proceedings in his case; and to appear for and serve any sentence that is entered against him in this case.

8.      Defendant first learned that he was the subject of government investigation in May 2010, when he received notice of an inquiry by the Wisconsin Attorney General. Defendant then became aware of subpoenas issued by federal authorities in the Summer of 2011. Those events notwithstanding, defendant and his wife traveled to France in 2010, 2011, 2012 and 2013 and on each occasion, they returned to their home in the United States. And, as referenced above, the Court permitted defendant to travel to France in 2015, which he did and which he returned from, after he had been indicted and was awaiting trial.

9. Defendant has substantial ties to the Northern District of Illinois. He owns and operates a business in this district. He owns and resides in a home in this district. He has no intent or desire to deprive his wife and infant child of their ability to live in their home and he fully intends to return to the United States at the conclusion of this planned trip, if permission is granted to him to make this journey. Defendant is aware of the negative ramifications that would attend any failure on his part to return to the United States, or to otherwise not comply with the conditions of his pre-trial release.

10. Defendant further will agree to any conditions set by this Court for purposes of this travel, and will report as directed to Pre-Trial Services before, during and after the trip if so ordered.

11. Undersigned counsel has consulted with counsel for the government and with the pretrial services officer about this request, and neither oppose this request.

WHEREFORE, defendant Laurance H. Freed respectfully requests that this Court grant him permission to travel from Chicago to France from on or about July 25, 2016, until on or about August 25, 2016.

Dated: June 2, 2016   Respectfully submitted,

LAURANCE H. FREED

By: /s/ Corey B. Rubenstein
    One of His Attorneys

Mark L. Rotert
Corey B. Rubenstein
Andrea C. Halverson
STETLER, DUFFY & ROTERT, LTD.
10 S. LaSalle Street, Suite 2800
Chicago, Illinois 60603
(312) 338-0200
mrotert@sdrlegal.com
cruben@sdrlegal.com
ahalverson@sdrlegal.com